**Mahin Barbari SARPARAST,**
Petitioner,

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71697.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2004.*

Decided Aug. 24, 2004.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Christopher C. Fuller, Thankful T. Vanderstar, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

MEMORANDUM **

Mahin Sarparast, a native citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") summary decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Although we review credibility findings under the deferential substantial evidence standard, in order to make an adverse credibility finding, "[t]he BIA must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated dis-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

482

belief." *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam) (internal quotation marks and citation omitted). The discrepancies must go to the heart of the asylum claim. *Id.* We must reverse "an adverse credibility determination that is based on 'speculation and conjecture' and is not supported by evidence in the record." *Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000) (citing *Akinmade v. INS,* 196 F.3d 951, 957 (9th Cir.1999)). Minor inconsistencies alone are not an adequate basis to sustain an adverse credibility finding. *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988).

In this case, the adverse credibility determination was predicated on mistaken dates, a discrepancy that is explained because of the use of the Farsi calendar by Sarparast, and the attempted transposition of those dates. For example, Sarparast transposed "1997" for "1979" for the date of the Islamic Revolution. The IJ relied on this to cast doubt on the petitioner's credibility, but this obvious transposition error was minor and does not go to the "heart" of her persecution claims. The same is true for her purported confusion about the date of her husband's death. A review of the transcript of the hearing shows that she was consistent that her husband was arrested in 1979 for the first time; was in jail in 1993 but released in 1995, and finally arrested and put in prison when attempting to escape to Turkey in 1995, where he stayed until he died in 1997.

Because the adverse credibility findings are not supported by the record, we grant the petition for review and remand the case so that the BIA can determine whether the applicant has met the other criteria for eligibility. *See He v. Ashcroft,* 328

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

F.3d 593, 603–04 (9th Cir.2003) (citing *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)).

**PETITION GRANTED; REMANDED.**